# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DURR SYSTEMS, INC. ) | |
| ) | |
| Plaintiff/Counterclaim ) | |
| Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| NEVOA LIFE SCIENCES ) | Civil Action No. 23:529 (JLH) |
| HOLDINGS, INC., ) | |
| ) | |
| Defendant/Counterclaim ) | |
| Plaintiff. ) | |

## MOTION BY NEVOA LIFE SCIENCES HOLDINGS, INC. FOR ISSUANCE OF LETTERS OF REQUEST

Defendant Nevoa Life Sciences, Inc. ("Nevoa") respectfully moves this Court to execute and issue the attached Letters of Request (Exhibit A) requesting International Judicial Assistance in Germany pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention") directed to the authorities herein to compel the production of documents and/or testimony by individuals within those jurisdictions, specifically Lars Friedrich and Patrick Haeussermann, two German citizens. Both individuals are employed by Durr's parent company, Durr AG, and their testimony is pivotal to several key issues in this case – specifically, Durr's design and

manufacture of Nevoa's patented NIMBUS™ machines, through a subcontract between Durr AG and Fischer AG, Fischer Group, Fischer Spindle Group AG and/or some other affiliate of this Swiss-based conglomerate ("Fischer"), the repeated failures and attempted repairs to those machines, and Durr's improper use of Nevoa's confidential information to fuel a failed attempt to patent a competing product. These individuals also have access to documents and communications relating to these topics that are otherwise unavailable to Nevoa.

Pursuant to D. Del. R. 7.1.1., Nevoa and Durr Systems participated in a meet and confer regarding this motion on January 31, 2024. Durr did not oppose the relief sought in this Motion.

In support of this Motion, Nevoa states as follows:

1. Plaintiff Durr Systems, Inc, filed this breach of contract claim against Nevoa based on the parties' Development and Exclusive Manufacturing Agreement ("the Agreement"). In that Agreement, Durr agreed to serve as a contract manufacturer for Nevoa's Nimbus™ system, a patented whole-room disinfecting fogger that combines an air filtration system with a motorized, automated atomization and a dehumidification system. The Nimbus™ disinfectant system uses a motorized fogger that atomizes Nevoa's Microburst Solution into the air, a filtration system that cleans and disinfects the targeted area, and a dehumidifier that takes the moisture and waste out of the room for easy disposal.

2.  In or around 2015, after Nevoa filed its patent application covering its Nimbus™ technology, Nevoa sought to partner with a company with capabilities for large-scale manufacture of Nimbus™ machines that specifically incorporated spinning disc technology in the motorized fogger. Durr used spinning disc technology to create mist used in the automotive paint finishing industry, and the parties entered discussions for Durr to manufacture NIMBUS™ machines that would incorporate Durr's version of spinning disc technology to disburse disinfectant solution.

3.  In advance of their collaboration, the parties entered into a Non-Disclosure Agreement in 2015 so that the parties could freely share their confidential business information relating to the NIMBUS™ technology and Nevoa's patent on the NIMBUS™ machine.

4.  After working together on the prototype and 10 trial units, Nevoa ordered and paid Durr to manufacture 40 NIMBUS™ units according to Nevoa's specifications. Almost immediately after Nevoa began to receive inventory from Durr, Nevoa began to experience problems with its NIMBUS™ machines. The turbines in the Durr machines repeatedly were failing in the field, and the lifecycle of the machines was far below the agreed-upon specifications. Nevoa promptly communicated these problems to Durr throughout 2020 and 2021.

5. Plaintiff nonetheless claims that Nevoa breached the contract when, after years of problems with Durr's NIMBUS™ machines, Nevoa refused delivery of the defective products and turned to another manufacturer to save Nevoa's business. The second manufacturer's NIMBUS™ machines incorporated a different technology in the motorized fogger to disburse the disinfectant.

6. Nevoa's counterclaim asserts that it was Durr, not Nevoa, that breached the parties' contract first when it failed to deliver machines that met Nevoa's specifications, and Durr delivered machines with turbines that routinely failed in the field and needed constant repairs. The turbines were manufactured by Fischer.

7. Nevoa also claims Durr breached the parties' NDA when, in late 2019, Durr filed a patent application and placed in the public domain several aspects of Nevoa's confidential business information. Just before the patent application was filed, Nevoa executives traveled to Germany to meet with executives at Durr's parent company. At that meeting in the fall of 2019, Durr executives wrongly claimed, for the first time, that Durr owned the intellectual property rights to the NIMBUS™ machine that incorporated Durr's technology.

8. Thus, there are several key issues in the case that directly relate to Durr AG's role in this relationship, including the following: (1) Durr AG's design, manufacture, and testing of the NIMBUS™ machines made in Germany on behalf

of its wholly-owned subsidiary; (2) Durr AG's relationship with the Fischer (the manufacturer of the defective turbines), (3) Durr AG's understanding about the issues Nevoa experienced with the failed turbines; and (4) the circumstances surrounding the October 2019 meeting and subsequent patent application. These are all key issues that can only be explored through testimony of key Durr AG employees and documents from the Durr AG employees involved in this case.

9. Despite Durr AG's central involvement in the design, manufacturing, and production of the prototype and machines that are central to Durr's claims, Durr chose to pursue its breach of contract claim through its wholly owned American subsidiary. Durr elected to sue Nevoa in **Delaware**, even though many of the documents and communications, as well as witnesses, are located in Germany.

10. As a result of this litigation strategy, Nevoa is left without the ability to subpoena documents in the possession of key Durr AG employees that are necessary to probe the issues described above, and further, cannot obtain key testimony of those witnesses with first-hand knowledge of the manufacture, design, testing, and repairs to the machines. Accordingly, Nevoa seeks the Court's assistance in obtaining evidence from German witnesses employed by Durr AG through international discovery procedures, as both possess evidence that is necessary to Nevoa's defenses and counterclaims.

11. "A party which seeks the application of the Hague Evidence Convention procedures rather than the Federal Rules of Civil Procedure bears the burden of persuading the trial court of the necessity of proceeding pursuant to the Hague Evidence Convention." *Cosmo Techs. Ltd. v. Actavis Labs. FL, Inc.*, C.A. No. 15-164-LPS, 2016 WL 4582498, at *1 (D. Del. Aug. 31, 2016) (internal alterations omitted) (quoting *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003)). "Judges in this District have stated that this burden is 'not great' because the 'Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention.'" *Id.* (quoting *Tulip Computers*, 254 F. Supp. 2d at 474).

12. The parties' discovery in this case demonstrates the critical role that Durr AG played in this business relationship, and further confirms that these witnesses possess evidence relating to Nevoa's claims, including the design of the NIMBUS™ machines, any testing that was performed on the machines and its components (including the turbines Fischer manufactured), and any specifications that Durr AG provided to Fischer relating to the defective turbines.

13. Counsel for Plaintiff refuses to accept service on behalf of these Durr AG employees, despite the critical role that Durr AG played in this business relationship. Accordingly, Nevoa cannot serve a subpoena on either witness pursuant to the Federal Rules of Civil Procedure. Instead, Nevoa must use Hague

Evidence Convention procedures to compel their testimony. Nevoa therefore respectfully requests that the Court issue a Letter of Request in the form attached hereto as Exhibit B. If Durr's counsel reconsiders its position, Nevoa will withdraw this request.

14.  Because these witnesses reside in Germany and they possess documents and communications – specifically relating to the Fischer turbines, the patent application and breach of confidentiality – not obtainable through other discovery method, these Letters of Request are necessary. Accordingly, Nevoa respectfully requests that the Court issue the attached Letters of Request.  Nevoa further requests that the Clerk of Court authenticate the Court's signature under the seal of this Court and that the executed and authenticated Letters of Request be returned by the Clerk to Nevoa's counsel for delivery to the proper authorities for execution.

WHEREFORE, Nevoa respectfully requests that the Court grant the Motion for the Issuance of Letters of Request for International Judicial Assistance Pursuant To The Hague Convention on the Taking of Evidence Abroad and execute and issue the attached Letters of Request.

                By:   /s/ Sean J. Bellew
                Sean J. Bellew (#4072)
                BELLEW LLC
                Red Clay Center at Little Falls
                2961 Centerville Road, Suite 302
                Wilmington, Delaware 19808
                Telephone: (302) 353-4951
                sjbellew@bellewllc.com
                *Attorney for Nevoa Life Sciences Holdings, Inc.*

Dated: February 1, 2024

## CERTIFICATE OF SERVICE

      I certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Electronic Service List for this Case.

Dated: February 1, 2024

<u>/s/ Sean J. Bellew</u>
Sean J. Bellew, Esquire (#4072)
Bellew, LLC
2961 Centerville Rd., Suite 302
Wilmington, DE 19808
(610) 585-5900
Attorney for Nevoa Life
Sciences Holdings Inc.
