# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DURR SYSTEMS, INC. | ) |
| | ) |
| Plaintiff/Counterclaim Defendant | ) ) |
| v. | ) |
| | ) |
| NEVOA LIFE SCIENCES HOLDINGS, INC., | ) ) ) | Civil Action No. 23:529 (JLH) |
| Defendant/Counterclaim Plaintiff | ) ) ) |

## LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS TO THE APPROPRIATE JUDICIAL AUTHORITY IN GERMANY

*In conformity with Article 3 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, the undersigned applicant has the honor to submit this request on behalf of the defendant in the above-entitled action, Nevoa Life Sciences, Inc., located at 1343 N Tech Blvd, Suite 2, Gilbert, AZ, 85233, United States of America.*

*The United States District Court for the District of Delaware presents its compliments to the judicial authorities of Germany and requests international judicial assistance to obtain the evidence specified in Schedule A to be used in a pending civil proceeding before this Court in the above-captioned matter. This Court requests the assistance described herein as necessary in the interests of justice. The evidence sought has a direct and necessary link with this dispute, a civil law suit over which the District Court is currently presiding, and is expected to be used at*

*trial in these actions.*

*REQUESTING AUTHORITY:*

    *United States District Court*
    *for the District of Delaware*
    *J. Caleb Boggs Federal Building*
    *844 N. King Street*
    *Unit 26, Room 6124*
    *Wilmington, Delaware 19801-3555*
    *United States of America*

*CENTRAL AUTHORITY OF THE REQUESTED STATE:*

    *Präsident des Oberlandesgerichts München*
    *Prielmayerstrasse 5*
    *80097 München*
    *Federal Republic of Germany*
    *Tel.: +49 (89) 5597-02*
    *Fax: +49 (89) 5597-3570*
    *e-mail: poststelle@olg-m.bayern.de*

*PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED:*

    *Sean J. Bellew, Esq.*
    *BELLEW LLC*
    *2961 Centerville Rd., Suite 302*
    *Wilmington, DE 19808*
    *United States of America*
    *Tel +1 (610) 585-5900*
    *sbellew@bellewllc.com*
    *Attorney for Nevoa Life Sciences Holdings*

*SPECIFICATION OF THE DATE BY WHICH THE REQUESTING AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST*

    *The executed request should be returned as expeditiously as possible.*

*NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES*

|  |  |
|---|---|
| *Plaintiff:* | Durr Systems, Inc.<br>26801 Northwestern Highway<br>Southfield, Michigan, 48033 |
| *Plaintiff's Representatives:* | |
| | Jason C. Jowers, Esq.<br>Ronald P. Golden III, Esq.<br>BAYARD, P.A.<br>600 N. King Street, Suite 400<br>Wilmington, DE 19899<br>Tel: +1 (302) 655-5000<br>jjowers@bayardlaw.com<br>rgolden@bayardlaw.com |
| | Thomas E. Bejin, Esq.<br>BEJIN BIENEMAN PLC<br>2000 Town Center, Suite 800<br>Southfield, MI 48075<br>Tel: +1 (313) 528-4882<br>bejin@b2iplaw.com |
| *Defendant* | Nevoa Life Sciences Holdings, Inc.<br>1343 N Tech Blvd, Suite 2<br>Gilbert, AZ, 85233<br>United States of America |
| *Defendant's Representative:* | |
| | Sean J. Bellew, Esq.<br>BELLEW LLC<br>2961 Centerville Rd., Suite 302<br>Wilmington, DE 19808<br>United States of America<br>Tel +1 (610) 585-5900<br>sbellew@bellewllc.com |

EVIDENCE TO BE REQUESTED FROM:

>Dr. Lars Friedrich
>Lars.Friedrich@durr.com
>
>Patrick Haeussermann
>Patrick.Haeussermann@durr.com

**The basis for the District Court's request is set forth in more detail below.**

## NATURE AND PURPOSE OF THE PROCEEDINGS

Plaintiff Durr Systems, Inc., has asserted a breach of contract claim against Nevoa Life Sciences Holdings, Inc., stemming from the parties' Development and Exclusive Manufacturing Agreement ("the Agreement"). In that Agreement, Durr Systems, a American subsidiary of Durr AG, a German company, agreed to serve as a contract manufacturer for Nevoa's Nimbus™ system, a patented whole-room disinfecting machine. The parties agreed that the machines Durr agreed to manufacture would incorporate its motorized spinning disc technology, originally used in the automotive paint industry, to create a fog that disburses the solution in the NIMBUS™ machine in the area to be disinfected.

In advance of their collaboration, the parties entered into a Non-Disclosure Agreement so that the parties could freely share their confidential business information relating to the NIMBUS™ technology, Nevoa's patent on the NIMBUS™ machine, and Durr's spinning disc technology and its potential applications.

Plaintiff claims Nevoa breached the Agreement when, after years of failed attempts by Durr to manufacture NIMBUS™ machines that functioned according to Nevoa's specifications, Nevoa turned to another manufacturer to produce its patented machine. Nevoa's counterclaim asserts that it was Durr, not Nevoa, that breached the parties' contract when its parent company, Durr AG, designed, manufactured, and delivered machines that never worked as was intended.

*Importantly, though Durr Systems signed the Agreement with Nevoa, it was Durr AG that was solely responsible for the design, manufacture, and testing of the NIMBUS™ machines; it was Durr AG that contracted with Fischer, a German company that manufactured the turbines that powered Durr's spinning disc technology within the NIMBUS™ machine; and it was Durr AG that ultimately delivered defective machines with turbines that failed in the field, time and time again. Importantly, neither party to this lawsuit had a direct relationship with Fischer.*

*Nevoa also claims Durr breached the parties' confidentiality agreement when, in late 2019, Durr AG filed a patent application and placed in the public domain several aspects of Nevoa's confidential business information. Just before the patent application was filed, Nevoa executives traveled to Germany to meet with executives at Durr AG. At that meeting in the fall of 2019, Durr executives claimed, for the first time, that Durr owned the intellectual property rights to the NIMBUS machine that incorporated Durr's technology.*

### THE EVIDENCE TO BE OBTAINED

*This Letter of Request is to obtain evidence that has a direct and necessary link with this action and is expected to be used at trial. The attached Schedule A describes the specific testimony that Nevoa seeks from both witnesses. In summary, the key issues in the case relate to the Durr AG's design, manufacture, testing, and repair of the NIMBUS machines it made in Germany on behalf of its wholly-owned subsidiary; Durr AG's relationship with the Fischer Group (the manufacturer of the failed turbines) and the many issues Durr encountered with the failed turbines; and the circumstances surrounding the October 2019 meeting of executive leadership at Durr AG and Nevoa, and the circumstances surrounding Durr AG's patent application in late 2019. These are all key issues that can only be explored through testimony and documents from the Durr AG employees involved in this case.*

*The District Court is satisfied that the evidence sought is critical to the pending proceeding and is likely to be used at trial to assist the Court in resolving the dispute presented. To assist in the just and efficient resolution of the action before it, the District Court requests, in the interests of justice, that you issue an order, in accordance with the laws and procedures of the Courts of Germany for the acquisition of evidence for trial, to compel the testimony of Lars Friedrich and Patrick Haeussermann regarding the specific questions identified in Schedule A. Under Article 7 of the Hague Evidence Convention, the District Court requests that the United States legal representatives for Durr Systems, Inc. (see Plaintiff's Representatives, above) and Nevoa Life Sciences Inc., (see Defendant's Representatives, above) be furnished as soon as practicable with a copy of the executed Letter of Request. It is also requested that these legal representatives be informed as soon as practicable of the time and place for providing, or alternative, for examination of the documents and any witnesses as permitted by German law. If possible, it is requested that notice be furnished to these legal representatives at least thirty (30) business days before the date set for the examination.*

| | |
|---|---|
| ANY REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND ANY SPECIAL FORM TO BE USED: | *It is requested that the witness be placed under oath before answering questions. In the event that the witness cannot be placed under oath, it is requested that the witness answer questions in such manner as provided by local law for taking evidence, including those provisions intended to ensure the veracity or oral testimony.* |
| SPECIAL METHODS OR PROCEDURE TO BE FOLLOWED (ARTICLE 9): | *It is requested that (a) Plaintiff's and* |

|  |  |
|---|---|
|  | *Defendant's United States legal representatives be allowed to be present for examination of the witness and to directly address questions to the witness according to German law at the Higher Regional Court of Munich; (b) that the witness be sworn and provide testimony under oath such that the testimony will be admissible evidence in the United States District Court proceeding pursuant to Federal Rule of Evidence 804(b)(1); (c) that the examination take place before a court reporter licensed in one or more states of the United States, an Examiner of your Court, or such other person as your Court shall appoint; (d) that the responses of the witness be preliminary recorded by the person your Court shall appoint, and that the record of the hearing be created in the form of a verbatim transcript; (e) that the witness be examined as soon as practicable; and (f) that the Court shall take all available measures to protect the confidentiality of the information obtained during the testimony.* |
| *REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR THE EXECUTION OF THE REQUESTS AND IDENTITY AND ADDRESS OF ANY PERSON TO BE NOTIFIED:* |  |
|  | *It is requested that the parties' United States legal representatives identified above be furnished as soon as practicable with a copy of the executed Letter of Request.* |
|  | *It is further requested that the United States legal representatives for Plaintiff and Defendant be informed as soon as practicable of the time and place for examination of the documents and any witnesses. If possible, it is requested that notice be furnished to these legal representatives at least thirty business days before the date set for the examination.* |

| | |
|---|---|
| *SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE STATE OF ORIGIN:* | *The privilege or duty to refuse to give evidence in the United States is governed by the Federal Rules of Civil Procedure, Federal Rules of Evidence, and other applicable United States Rules, including if giving such evidence would (1) subject the witness to a real and appreciable danger of criminal liability in the United States, or (2) disclose a confidential and privileged communication between the witness and his or her respective attorneys.* |
| *THE FEES AND COSTS INCURRED WHICH ARE REIMBURSEABLE UNDER THE SECOND PARAGRAPH OF ARTICLE 14 OR UNDER ARTICLE 26 OF THE CONVENTION WILL BE BORNE BY:* | *Equally by both parties, to the extent such fees apply. Please contact the parties' United States representatives using the contact information provided above to make any necessary financial arrangements.* |

*The District Court requests that any questions or requests for information relating to this request be directed to the United States representatives for the parties as provided above. It is respectfully requested, given the importance of the evidence sought, that this Letter of Request be given the highest consideration. To the extent that any portion of the Request cannot be granted, it is respectfully requested that the remaining parts be granted. This Court assures the Judicial Authorities in Germany that it will reciprocate with similar assistance in like cases and extends the Judicial Authorities the assurances of its highest consideration.*

*DATE:            , 2024*

*Signature and Seal of the Requesting Authority:*

_____

*The Honorable Jennifer Hall*

*United States District Court Judge*
*United States District Court for*
*the District of Delaware*
*Wilmington, Delaware*
*United States of America*
*DATE: _____*
*Signature and Seal of the*
*Executing Authority: Honorable:*

*_____*
*Article 2 Competent Authority*

## SCHEDULE A

## TOPICS OF REQUESTED TESTIMONY FROM
## LARS FRIEDRICH AND PATRICK HAEUSSERMAN

The District Court requests that Lars Friedrich and Patrick Haeussermann each provide separate testimony on the below-listed questions based on the witness's knowledge for the time period 2016 through 2023:

1. What is the witness' knowledge regarding the design, manufacture, and testing of the NIMBUS™ Product.?

2. When did the witness first learn of Nevoa patent on the NIMBUS™ product?

3. What was the witness' understanding regarding the scope of the Nevoa patent on the NIMBUS™ product – specifically whether Nevoa's patent covered multiple modes of producing mist/fog?

4. Was the witness present at the meeting between executives from Durr and Nevoa in Germany in Fall 2019? What does the witness remember about the topics covered during the meeting, and specifically, whether the topic of Nevoa's intellectual property rights relating to the patented NIMBUS™ product?

5. Was the witness present at any meeting in Phoenix, AZ between executive leadership of Durr and Nevoa? If so, what was the purpose of the meeting and what topics were discussed?

6. Describe the relationship between Fischer and Durr as it related to the turbines Fischer produced for Durr to incorporate into the NIMBUS machine, including any defects in the turbines produced?

7. Were you made aware of problems with the turbines in the field? When were you made aware of the problems, and who did you communicate with about those issues?

8. Were you aware that Durr Systems Inc. (the subsidiary) and Nevoa had entered into a mutual non-disclosure agreement before the contract, and that Nevoa shared confidential proprietary information pursuant to that Agreement?

9. Describe the circumstances surrounding the patent application that Durr submitted in late 2019, after the meeting in October 2019 in Germany?

10. Did Durr do any testing on the Product or the turbines Fischer manufactured?

11. Does Durr have a contract with Fischer relating to the manufacturing of the E-turbine that is a component part of the NIMBUS™ product

12. Has Durr complained or brought any legal action against Fisher relating to Fischer's manufacturing of the E-turbine that is a component part of the NIMBUS™ product or any contract relating Fischer's manufacturing of the E-turbine that is a component part of the NIMBUS™ product.

13. What were the reasons for the delays in the delivery of the NIMBUS™ machines Durr AG manufactured?

14. Describe your knowledge of the Product's performance issues experienced in the field and Your efforts to address and correct those issues.

15. Describe your knowledge of the Product's design defects and your efforts to address those issues.

16. Describe all the facts and circumstances relating to the research, design, and development of the Durr Patent application, including: whose idea it was to file for patent protection; what documents were consulted in the writing of the application; and your awareness that confidential Nevoa information is referred to in that patent application?

17. Any consideration, analysis, study, examination, reverse engineering, or copying of any of Nevoa's products or information.

18. What is your knowledge about the Piezo fogger technology?