IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DURR SYSTEMS, INC.,　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>　　　　Plaintiff/Counterclaim　　　　　　　)<br>　　　　Defendant,　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　v.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>NEVOA LIFE SCIENCE HOLDINGS,　　　)<br>INC.,　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>　　　　Defendant/Counterclaim　　　　　　)<br>　　　　Plaintiff.　　　　　　　　　　　　　) | C. A. No.: 23-529-JLH |

## **MEMORANDUM ORDER**

WHEREAS, Magistrate Judge Fallon issued an Order on June 17, 2024 (D.I. 82), granting Plaintiff's motion to strike Defendant's lost profits damages theory and precluding Defendant from relying on documents not produced during fact discovery to support its previously undisclosed damages theory;

WHEREAS, on July 1, 2024, Defendant filed Objections to the June 17, 2024 Order (D.I. 84), asserting that "[t]he Magistrate Judge's oral order striking the expert's calculation and [] underlying supporting documents is grounded in a misapplication of the factors from *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977)";

WHEREAS, on July 15, 2024, Plaintiff responded to the Objections (D.I. 93);

WHEREAS, the parties agree that Judge Fallon's June 17, 2024 Order may only be set aside if it is "clearly erroneous or contrary to law," *see* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a);

WHEREAS, a magistrate judge's order "is contrary to law only when the magistrate judge has misinterpreted or misapplied the applicable law," *Evans v. John Crane, Inc.*, No. 15-681, 2019 WL 5457101, at *6 (D. Del. Oct. 24, 2019) (internal citation and quotation marks omitted);

WHEREAS, under the "clearly erroneous" standard, the Court will only set aside the findings of a magistrate judge when it is "left with the definite and firm conviction that a mistake has been committed," *Green v. Fornario*, 486 F.3d 100, 104 (3d Cir. 2007) (internal citation and quotation marks omitted);

WHEREAS, Defendant has come nowhere close to demonstrating that the June 17, 2024 Order was clearly erroneous or contrary to law;[1]

WHEREAS, on October 14, 2024, Plaintiff filed a Daubert Motion to Exclude Expert Testimony and Opinions of Defendant Nevoa Life Science, Inc.'s Expert Mr. Crag A. Reinmuth (D.I. 100), which argues that (1) Mr. Reinmuth's testimony should be excluded to the extent that it violates Judge Fallon's June 17, 2024 Order, and (2) the remainder of his opinions should be excluded under Federal Rule of Evidence 702 (D.I. 101);

WHEREAS, should this case proceed to trial, it will be a bench trial (*see* D.I. 29);

WHEREAS, with respect to Plaintiff's request to exclude testimony under Rule 702, the Court has determined that it can better and more efficiently address that issue in context either during or after the bench trial, so that the Court can hear testimony and better understand the bases for the expert's opinions; and

---

[1] Indeed, the parties agree that the applicable legal standard is the *Pennypack* standard, which is the standard used by Judge Fallon. Moreover, as noted by Judge Fallon, (1) "Defendant [did] not dispute Plaintiff's assertion that the lost profits damages theory was disclosed for the first time in the opening expert report[;]" (2) "review of Defendant's Rule 26(a)(1) initial disclosures confirms that Defendant did not disclose its lost profits theory of damages in its initial disclosures[;]" and (3) "Defendant [did] not dispute that the documents relied on by the expert were not disclosed at any point during fact discovery, with the exception of a screenshot containing only a portion of the underlying calculation." (D.I. 82.)

2

WHEREAS, the Court has discretion at a bench trial to conditionally admit expert testimony subject to a later Rule 702 determination, *UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 833 (3d Cir. 2020);

NOW, THEREFORE, IT IS HEREBY ORDERED that

1. Defendant's Objections (D.I. 84) to Judge Fallon's June 17, 2024 Order are OVERRULED.

2. Plaintiff's Daubert Motion to Exclude Expert Testimony and Opinions of Defendant Nevoa Life Science, Inc.'s Expert Mr. Crag A. Reinmuth (D.I. 100) is GRANTED-IN-PART to the extent that Mr. Reinmuth's testimony violates Judge Fallon's June 17, 2024 Order. It is DENIED-IN-PART to the extent it seeks to exclude evidence under Rule 702. Plaintiff is granted granted leave to renew its Rule 702 objections during trial at the appropriate time. The Court may choose to conditionally admit disputed expert testimony subject to a later Rule 702 determination after the bench trial. If the Court reserves ruling on a Rule 702 dispute raised at the bench trial, and if the conditionally-admitted testimony is material to the resolution of a party's claim or defense, the parties shall address the Rule 702 issue in the post-trial briefing.

February 25, 2025

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE